IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Bryant Moore, ) | C/A No. 8:06-0990-GRA-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Report and Recommendation** |
| ) | |
| Jon Ozmint, Director of South ) | |
| Carolina Department of Corrections; ) | |
| and Henry McMaster, Attorney General ) | |
| of South Carolina, ) | |
| ) | |
| Respondents. ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondents' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on March 29, 2006. On May 19, 2006, the respondents moved for summary judgment. By order filed May 22, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 20, 2006, the petitioner filed a response.

**PROCEDURAL FACTS**

The petitioner is currently a state prisoner housed in the Perry Correctional Institution. On April 20, 1992, he pled guilty to murder, voluntary manslaughter, and

assault and battery of a high and aggravated nature ("ABHAN"). He was sentenced to life for the murder; thirty (30) years for the manslaughter; and ten (10) years for the ABHAN, to run consecutively. The petitioner did not file a direct appeal.

On February 1, 1993, the petitioner filed for post-conviction relief ("PCR") raising claims of ineffective assistance of counsel. On December 23, 1993, the PCR court denied the petitioner relief and the petitioner did not appeal. The petitioner did not seek review of this denial of PCR.

Almost exactly nine years later, on December 18, 2002, the petitioner filed a second PCR application raising eight issues. The PCR court held the petitioner's second PCR application was successive and time-barred and denied the petitioner relief. On October 25, 2004, the petitioner filed a Petition for Writ of Certiorari with the South Carolina Supreme Court and raised one issue in a *Johnson*[1] brief:

> Whether there was sufficient evidence to support the PCR judge's findings that petitioner's post-conviction relief application was successive and that it was barred by the one-year statute of limitations?

On October 5, 2005, the South Supreme Court denied the petitioner's petition.

In this habeas action, the petitioner raises three (3) grounds for relief:

    (1) Ineffective Assistance of Trial Counsel

    (2) Subject Matter Jurisdiction

    (3) Involuntary Plea

(Pet. at 6;7; and 9.)

---

[1] *Johnson v. State*, 364 S.E.2d 201 (1988).

## APPLICABLE LAW

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

3

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

The review of the petitioner's habeas claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment

that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## DISCUSSION

The AEDPA requires that prisoners apply for habeas corpus relief, in most cases, within one year of the date that their convictions become final. 28 U.S.C. § 2244 (d)(1). Inasmuch as the petitioner's convictions became final prior to the enactment of the AEDPA, he had one full year following the statute's effective date of April 24, 1996, in which to timely file such an application. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). In other words, the petitioner had until April 24, 1997, to file for habeas relief. The petitioner did not file this petition until March 23, 2006. Clearly, the petitioner is years out of time.

Section 2244 has a tolling provision which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). However, the petitioner filed his second application for PCR on December 18, 2003, well after the one-year period had run and thus his second PCR filing could not have tolled the already expired one-year period. Accordingly, the petition is not timely and should be dismissed.[2]

The Court notes that the petitioner, in response to the respondents' summary judgment motion, contends that he can raise the issue of subject matter jurisdiction at any

---

[2]While the one-year statute of limitations is also subject to equitable tolling, the instances when this is appropriate are rare, *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000), and the petitioner has not alleged any facts which would support equitable tolling.

time.  (Pet.s' Mem. Opp. Summ. J. Mot. at 2.)  However,

> [s]ince a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law.  Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court."  In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists.  This court does not review determinations of state law made by South Carolina courts.  *See Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

*Sheppard v. McMaster*, 2006 WL 2051979 (D.S.C. 2006).  Accordingly, notwithstanding that the petitioner has raised a subject matter jurisdiction issue, the petitioner's untimely habeas petition should be dismissed.

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED and the habeas petition be DISMISSED with prejudice.  **The petitioner's attention is directed to the notice on the following page.**

IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

September 12, 2006
Greenville, South Carolina

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603**