UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Bryant Moore, | |
| Petitioner, | |
| v. | C/A No. 8:06-0990-GRA-BHH |
| Jon Ozmint, Director of South Carolina Department of Corrections; and Henry McMaster, Attorney General of South Carolina, | ORDER<br><br>(Written Opinion) |
| Respondents. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on September 12, 2006, and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), D.S.C.  Petitioner brought this suit pursuant to 28 U.S.C. § 2254. The magistrate recommends granting summary judgment for respondents and dismissing the habeas petition with prejudice because petitioner's claims are time-barred by the AEDPA, 28 U.S.C. § 2244(d).

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Petitioner filed objections to the Report and Recommendation on September 22, 2006.

Petitioner objects that his subject matter jurisdiction claim can be raised at any time notwithstanding the AEDPA. A federal court is obligated to raise questions concerning its subject matter jurisdiction *sua sponte* in all cases. *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004). However, this principle does not extend to *sua sponte* examination of a state court's subject matter jurisdiction by a federal court. Whether a state court has subject matter jurisdiction over an offense is a question of state law. *United States ex. rel. Flowers v. Rundle*, 314 F. Supp. 793, 794 (E.D.Pa. 1970).

Petitioner responds that if a state constitution or statute creates a right to be tried in state court by indictment, such a right is governed by the Fourteenth

Amendment Due Process Clause and is therefore not merely an issue of state law. Petitioner frames his argument in terms of subject matter jurisdiction in an attempt to avoid the time limitations of the AEDPA. There is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that respondents' motion for summary judgment be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 4, 2006

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.